IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL CURTIS LOBATO,

    Plaintiff,

v.                                              No. CV 14-753 WJ/GBW

JOHONA GONZALES,

    Defendant.

## ORDER TO FILE A *MARTINEZ* REPORT

This *pro se* prisoner civil rights matter comes before the Court pursuant to a Rule 16 Conference held on May 27, 2015. At the time the Court set the Rule 16 Conference, Plaintiff had been released from incarceration. At the Rule 16 Conference, however, Plaintiff informed the Court that he was again incarcerated. The Court, with the agreement of the parties, stated that it would order Defendant to file a *Martinez* Report. *Doc. 28* at 2.

In a suit brought by a *pro se* prisoner, this Court may order a defendant to investigate the incident or incidents underlying a plaintiff's lawsuit and submit a report of their investigation in order to develop a factual or legal basis for determining whether Plaintiff has a meritorious claim. *Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978); *see also, e.g.*, *Gee v. Estes*, 829 F.2d 1005, 1007 (10th Cir. 1987). A *Martinez* Report may be used in a variety of contexts, **including motions for summary judgment or a**

*sua sponte* **entry of summary judgment.** *See Hall v. Bellmon*, 935 F.2d 1106, 1111-12 (10th Cir. 1991); *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986) ("[D]istrict courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence."). When a *Martinez* Report is used for summary judgment purposes, however, a *pro se* plaintiff must be afforded an opportunity to present conflicting evidence to controvert the facts set out in the report. *Hall*, 935 F.2d at 1109. Accordingly, in addition to the information requested by the Court herein, the Defendant should submit whatever materials she considers relevant to Plaintiff's claims and her defenses, and Plaintiff should do the same in his response.

Wherefore, IT IS HEREBY ORDERED that Defendant Johona Gonzales file a *Martinez* Report **within 30 days of entry of this Order** in accordance with the following:

1. Defendant's *Martinez* Report must address **in a written brief** all of the allegations against her as well as any defenses she raised in her answer that she wishes to pursue. Defendant shall also include as attachments any affidavits or documents relevant to any allegation or defense. The submission of documents without an accompanying brief will not be considered in compliance with this Order.

2. Allegations and defenses must be supported by factual assertions in the brief, which, in turn, must be supported by proof, such as affidavits or documents that are to be included as attachments.

3. The brief must also state whether policies or regulations addressing the allegations exist, and, if so, relevant policies or regulations must be included as attachments.

4. Copies of all affidavits and documents included as attachments should be arranged in a logical order and be Bates-stamped or otherwise be clearly serially marked. Defendant must also provide affidavits to properly authenticate submitted documents.

5. The Court is aware that materials contained in corrections and law enforcement files may be sensitive and that there may be valid reasons for keeping such information secret. As such, Defendant may move to seal confidential portions of documents submitted with the *Martinez* Report and provide a redacted version of the Report to Plaintiff. If Defendant seeks to seal or redact any portion of her Report, she must file a motion to seal at least fourteen (14) days prior to the *Martinez* Report filing and service deadline. The motion to seal shall describe with specificity the type of documents Defendant wishes to seal and shall assert the reasons for nondisclosure.

6. Should Defendant choose to file a motion for summary judgment concurrently with her *Martinez* Report, that motion shall be filed separate and apart from the Report and must comply with the applicable federal and local rules of procedure, with the following caveat: rather than file attachments to a motion for summary judgment in support of the factual assertions therein, Defendant shall instead cite to the *Martinez* Report.[1] Defendant must provide citations supporting her assertions with specificity. At the very least, Defendant should direct Plaintiff and the Court to the specific page or pages supporting an assertion.

7. The Court may strike any filing that fails to comply with this order.

IT IS FURTHER ORDERED that Plaintiff shall file and serve his response to the facts contained within Defendant's *Martinez* Report within thirty (30) days of its filing. If Defendant files a motion for summary judgment, Plaintiff must file a separate

---

[1] Under the Local Rules, "exhibits to a motion, response or reply" are not to exceed a total of fifty (50) pages unless by agreement of the parties or with leave from the Court after the filing a motion. D.N.M. LR-Civ. 10.5. Given that the *Martinez* Report will essentially serve as the parties' exhibits to a summary judgment motion, response, and reply, should such filings be made, the Court hereby grants leave for the *Martinez* Report to exceed the exhibit page limit set forth in the Local Rules.

response to that motion within thirty (30) days.  Defendant shall file and serve her reply

, if any, to a motion for summary judgment within fourteen (14) days of Plaintiff's

response.  Defendant need not file a reply to Plaintiff's Response to the *Martinez* Report.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE